```
David N. Chandler, Sr.   SBN 60780
David N. Chandler, Jr.   SBN 235427
DAVID N. CHANDLER, p.c.
1747 Fourth Street
Santa Rosa, CA   95404
Telephone: (707) 528-4331

Attorneys for Debtor
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>ROSA GONSALEZ PATLAN,<br><br>    DEBTOR._____/ | CASE NO. 12-11743<br>CHAPTER 13 |
| ROSA GONSALEZ PATLAN,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION<br><br>        Defendant./ | A.P. No. 12-1129<br><br>OPPOSITION TO MOTION TO DISMISS; DECLARATIONS OF ROSA GONZALES PATLAN AND DAVID N. CHANDLER; MEMORANDUM OF POINTS AND AUTHORITIES<br>Date:  September 7, 2012<br>Time:  9:00 a.m.<br>Place: 99 South E St.<br>      Santa Rosa, CA |

    Rosa Gonzalez Patlan, Debtor herein, opposes the Motion of U. S. Bank as follows:

BACKGROUND

    Debtor and Jose Guadalupe Enriguez purchased the subject real property on September 14, 1995.  Title to said property was taken in the name of Debtor, Jose Guadalupe Enriguez, Debtor's husband, and Fernando Tapia Gonzalez, Debtor's nephew.  The nephew was placed on title for purposes of estate planning only.  The purchase was seller

financed. Debtor paid the payments on the seller financed loan and retired the secured obligation. Jose Guadalupe Enriquez conveyed his undivided interest in the subject property to Debtor by Deed recorded August 9, 1996. Fernando Tapia Gonzalez fraudulently caused the property to be encumbered following payoff of the seller financed obligation, by procuring a loan from a financial institution and obtaining a forged signature on the Deed of Trust purporting to be that of Debtor. The signature was notarized and the Deed of Trust recorded on July 19, 2005.

Debtor had no knowledge of the said Deed of Trust. Payments on the note made were made by Fernando Tapia Gonzalez without the knowledge of Debtor. Debtor maintained the taxes and insurance current. Debtor received none of the proceeds of the loan and was completely unaware of said loan.

On March 20, 2007, Fernando Tapia Gonzalez caused the existing loan to be refinanced and once again, purported to secure the refinanced loan with the subject property by presenting a forged signature purporting to be that of the Debtor. Debtor had no knowledge of the loan, received no benefit from the proceeds and paid no payments on the loan.

On January 20, 2010, Fernando Tapia Gonzalez, again without the knowledge of the Debtor, entered into a loan modification with the lender, U.S. Bank's predecessor. Fernando Tapia Gonzalez, employing yet another forged signature of the Debtor, and together with officers of the lender, executed a Modified Deed of Trust, purporting to modify the terms of the previously forged Deed of Trust recorded and purporting to encumber the subject property.

Upon discovery of the forged conveyances, Debtor notified the

Sonoma County Sheriff. The Sheriff employed experts who determined the three signatures were not genuine and obviously made with three different hands. Not one of the three thumb prints contained in the notary books were those of the Debtor. Fernando Tapia Gonzalez was prosecuted and incarcerated.

## STATEMENT OF THE CASE

U.S. Bank's predecessor brought SVC 249648 in Sonoma County Superior Court on May 11, 2011. By way of the complaint, such bank is attempting to have a Superior Court declare that the lien attaches to the entire fee interest of the subject property and to judicially foreclose same. The Honorable Mark Tansil, Judge of the Superior Court, following the conviction, requested that the bank refrain from foreclosure. The bank has declined to acknowledge that one, or any of the three Deeds of Trust were products of a convicted forger and insisted upon conducting a judicial foreclosure against the subject property.

Debtor is employed as a housekeeper at Angelica Center. She has limited income and has been unable to retain counsel, unable to post any bond, and unable to persuade the bank to exercise any degree of reason, rationality or discretion. Prior to the bank's attempt to obtain judgment for judicial foreclosure, the within case was filed on a pro bono basis. The Debtor does not speak English.

The Debtor's Schedules are accurate and reflect the information which was available. Unsecured creditors are correctly scheduled.

## ISSUES

1. Whether the petition was filed in good faith.
2. Whether the complaint filed in the Adversary Proceeding is a core proceeding.

DISCUSSION

A. The petition was filed in good faith inasmuch as U.S. Bank was attempting to foreclose by judicial foreclosure in which the Debtor has a good, just, and absolute defense.

(1). The Bank would have this Court believe that it was not taking advantage of the Debtor before the Superior Court. The Bank is aware that the Debtor speaks little English, is employed as a housekeeper and is poor. The Bank is aware that all three Deeds of Trust contain forged signatures of the Debtor and are attempting to take advantage of the disadvantaged. The conduct of the Bank and counsel is not only wrong but patently repugnant.

(2). Authority cited by the Bank is inapplicable.

    a. Determination of bad faith in the filing of a petition is determined on a case by case basis. In re Goeb, 675 F.2d 1386 (9th Cir. 1982).

    b. In re Drocco, 2010 WL 703113 (Bktcy. N.D. Cal.2010) is unpublished and inapplicable. This is a relief from stay case granted where judgment by stipulation had been entered in a Superior court, an attempt to circumvent the judgment in a second Superior Court case. The Petition had been filed to propose a plan to restructure the terms of the judgment.

    c. In re Chinichian, 784 F.2d 1440 (9th Cir. 1986) involved a specific performance trial which was stayed and the petition was held to have been filed in bad faith. Here, the underlying action is to judicially foreclose a proven forged security interest over the request of a Superior Court judicial officer.

    d. In re Eisen, 14 F3d 469 (9th Cir. 1994) involved a Debtor who had sold real property and sought to obviate a specific

performance case filed in Superior court by filing Chapter 13. Debtor, contending the property had been foreclosed and he was just living there, sought to reject the contract. The petition was dismissed and the specific performance case was set for trial. On the eve of trial, a 2nd petition was filed but this time acknowledging ownership but still attempting to reject the contract.

  e. In re Dami, 172 B.R. 6 (Bktcy. E.D. Pa. 1994) was a dismissal of the fourth successive petition filed by the debtor in an attempt to thwart collection of an unsecured claim.

  f. In re St.Paul Self Storage Ltd. P'ship, 185 B.R. 580 (9th Cir. 1995), a Chapter 11 case, was filed by an entity with little asset, no ongoing business and a pending state court suit in which partial summary judgment had been granted, trial set and discovery pending.

  g. In re Silberkraus, 336 F.3d 864 (9th Cir. 2003) was a Chapter 11 case converted to Chapter 7 after plan proponent failed to amend plan to conform with Court's directive within set deadline. The Debtor was engaged in pre-petition litigation which had nothing to do with the decision to convert.

  h. In re Mead, 2010 WL 6259982 (9th Cir. BAP), and an unpublished decision, involved a debtor who zealously litigated in the Superior Court over disposition of community assets and when unsuccessful, filed a Chapter 13 petition and proposed to pay the spouse a dividend of 4%. The BAP upheld dismissal on good faith grounds.

 (3). The Court should correctly look to the totality of the circumstances. In re Goeb, 675 F.2d 1386 (9th Cir. 1982).

  "Goeb established that, in this circuit, a good faith

determination in connection with Chapter 13 Plan confirmation cannot be based on any single factor or feature of a proposed plan, to the exclusion of review of all other relevant information. Importantly, it is of no moment that a single factor may be indicative of bad faith, or that a specific plan feature is not consistent with the spirit of Chapter 13 or may indicate manipulation of the Bankruptcy Code. Factors indicating good and bad faith may not be considered in isolation, but always be weighted against the totality of the circumstances in each case." In re Lepe, 470 B.R. 851 (9th Cir. BAP 2012).

(4). The amount of the unsecured claims is not particularly relevant. In re Lepe, supra., the Debtor's scheduled unsecured debt was $549. Neither balance sheet insolvency nor inability to pay one's debts is a prerequisite to filing a petition. See, In re Lepe, supra. The totality of the circumstances clearly militates in favor of the Debtor's good faith. The factors set forth by the Ninth Circuit (In re Goeb, supra.) are:

(1) Whether the Debtor has misrepresented the facts, manipulated the Code, or filed in an inequitable manner;

(2) Debtor's history of filing petitions and dismissals;

(3) Whether Debtor intended only to defeat state court litigation; and

(4) Egregious behavior of the Debtor.

The Debtor has honestly and accurately set forth her assets, income and liabilities. Each potential unsecured creditor has been provided an opportunity to file a claim within the bar date. One such creditor has indicated her intention to do so. The Code specifically provides for determination and discharge of unsecured

indebtedness, determination of nature, extent and validity of liens and cure of defaulted obligations. Debtor proposes to do exactly that.

This Debtor has not previously sought relief and attempted to avoid seeking relief in equitably resolving the effect of the forged instruments which the moving party proposes to enforce by default.

Debtor does not intend to defeat the Superior court litigation, but specifically does intend to defeat the judicial foreclosure. Judgment has not been entered and would have been entered by default had Debtor not wisely filed the petition. The moving party has entered a default and proposes to impose an inequitable result on the Debtor by taking her property by use of a default obtained knowing of the forged documents upon which it relies. Debtor proposes to determine the extent of the lien on her property and to liquidate the property to the extent necessary to pay whatever claim is secured by the property. Certainly the moving party will not have the audacity to assert a deficiency against the Debtor based upon the forged instruments?

Debtor barely speaks english. She lives at or below poverty level. She is attempting, just like thousands of other homeowners, to hold on to her property. The egregious behavior is in the moving party's insistence that the forged documents create a lien on her interests in the property and that they will take advantage of this elderly person to take her home from her by default.

B. The Claims set forth in the Adversary Proceeding are core and within the specific jurisdiction of this Court.

1. 28 U.S.C. 157 sets forth the type of proceeding which are core. It is settled that a proceeding to determine the nature,

extent and validity of a lien on property of the estate is a core proceeding.

2. Congress included proceedings to determine the validity, nature and extent of liens on property of the estate in the list of matters which it intended to be included as "core. See. <u>In re Jones</u>, 2006 WL 6810992 (9th Cir. BAP 2006) *Unpublished.*

3. Whether a proceeding is core is not a matter of whether the sole basis for determination is state law. <u>In re Bergem</u>, 81 B.R. 994 (Bktcy. N.D. Ca. 1988).

4. The claims set forth in the Adversary Proceeding are core and specifically subject to this Court's jurisdiction. Simply because the moving party has obtained a default in a judicial foreclosure proceeding in the Superior court does not determine *any* of the respective rights of the parties.

WHEREFORE, Debtor submits that the Motion of U.S. Bank be denied and for such other and further relief as the Court deems just and proper.

Dated:  8/15/12                          Respectfully submitted,

                                         DAVID N. CHANDLER, p.c.


                                         By: */s/ David N. Chandler*
                                         David N. Chandler
                                         Attorney for Debtor

DECLARATION OF DAVID N. CHANDLER

I, David N. Chandler, declare and say:

1. That if called as a witness, I am competent to testify to the within matters from my own knowledge.

2. That attached to the Declaration of Dana M. Andreoli as Exhibit A is a true and correct copy of the Complaint filed in SVC

249648, Sonoma County Superior Court. The Complaint sets forth Causes of Action:

    (1) Declaration that the Deed of Trust is enforceable against property of the Debtor;

    (2) Equitable Subrogation of the Deed of Trust against property of the Debtor and judicial foreclosure;

    (3) Fraud (not as to Debtor);

    (4) Conversion (not as to Debtor);

    (5) Equitable Indemnity (not as to Debtor);

    (6) Implied Contractual Indemnity (not as to Debtor).

3. Attached hereto as Exhibit B is a true and correct copy of communication to the moving party by the Honorable Mark Tansil, Judge of the Superior Court.

4. Debtor contacted our office initially on or about May 25, 2012. After investigation of the status of the Superior Court judicial foreclosure case, it was apparent that the only responsible course was to petition for relief pursuant to Chapter 13 of Title 11. As can be seen from Schedule I, the Debtor does not have the resources to retain counsel under any traditional retainer.

5. Debtor does not speak English, however, she does better with English than I do with Español.

6. I have reviewed the Sheriff reports and experts analysis of the fingerprints in the notary records. The perpetrator of the forgeries has been prosecuted and is currently serving time. There can be no doubt from the investigative reports that the documents are forged.

7. I have reviewed the forged signatures which are each attached to the complaint filed in the Adversary Proceeding. The

fact that three different persons signed each one of the documents is questioned is undeniable. The forger could not spell the name correctly.

8. The Debtor has scheduled potential claims from Irma Cordova and others. I have personally spoken with Ms. Cordova and she has confirmed that there is a balance although she could not tell me precisely the amount as, knowing the financial circumstances of the Debtor, she did not bother to send a final invoice.

Executed under penalty of perjury this 15th day of August, 2012 at Santa Rosa, California.

                           */s/David N. Chandler*
                           David N. Chandler
                           Attorney for Debtor

DECLARATION OF ROSA GONSALEZ PATLAN

I, Rosa Gonsalez Patlan, declare and say:

1. That I am competent to testify to the within matters from my own knowledge.

2. That I am 65 years old.

3. I am employed as a housekeeper by Angelica Center. My wages are my sole source of support.

4. I purchased the real property located at 622 Todd Rd., Santa Rosa, CA on 9/14/95. The purchase was financed by a seller note which was paid off by me. I took title to the property as co-tenants with Jose Guadalupe Enriquez and Fernando Tapia Gonzalez. Enriquez deeded to me his interest in the property by Deed recorded 8/9/96.

5. Fernando Tapia Gonzalez is my nephew. He was placed on title for the purposes of estate planning and owned no interest in

1 | the subject property.

2 |     6. Fernando Tapia Gonzalez, unbeknownst to me, caused a Deed of Trust to be recorded in favor of Ameriquest on July 13, 2005. The Deed of Trust contains a signature purporting to be mine but is a forgery. I received none of the proceeds and paid none of the payments.

    7. Fernando Tapia Gonzalez, unbeknownst to me, caused another Deed of Trust to be recorded in favor of WAMU on March 20, 2007. The Deed of Trust contains a signature purporting to be mine but is a forgery. I received none of the proceeds and paid none of the payments.

    8. Fernando Tapia Gonzalez, unbeknownst to me, caused a Modified Deed of Trust to be recorded in favor of WAMU on January 28, 2010. The Deed of Trust contains a signature purporting to be mine but is a forgery. I received none of the proceeds and paid none of the payments.

    9. Since I have owned the subject property, I have paid all of the real property taxes and maintained the insurance.

    10. I had no knowledge of the forged instruments and did not authorize anyone to affix my signature to any of the said three Deed of Trust.

    11. I have consulted with David N. Chandler and provided to him, through an interpreter, all of the information which he requested. To my knowledge and to the best of my understanding, the information provided is true, complete and accurate.

    12. I owe Irma Cordova some unpaid fees but have yet to be presented with an invoice. I also owe Jose Guadalupe Enriquez something for his interest in the property, but I am not certain what

the amount is. I anticipate that both of these creditors will file a claim prior to the claims bar date.

13. After consulting with Mr. Chandler, and following advice of counsel, I authorized filing the petition. My purpose was to protect my home from foreclosure and protect myself from an unfair and unjust judgment which U.S. Bank proposed to have entered based upon a default.

14. I have never filed a petition under Title 11 previously.

15. The plan I have authorized to be filed with the Court provides for liquidation of assets through litigation of disputed claims and sale, if necessary, of my home.

16. I am unable to afford to retain counsel. Mr. Chandler has agreed to take my case and determine at a later date if fees are recoverable from third party claims.

Executed under penalty of perjury this 10th day of August, 2012 at Santa Rosa, California.

                                              /s/Rosa Gonsalez Patlan
                                              Rosa Gonsalez Patlan, Debtor

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA
## County of Sonoma

## COURT ORDER



**TO:** JP Morgan Chase Bank (Formally Washington Mutual)
(Legal Department)
2245 Mendocino Avenue
Santa Rosa, CA 95403
(Reference Wa/Mu Loan # 9083013411446)

**APPLICANT:** Detective Michael Morarity, Sonoma County Sheriff's Department, hereinafter "Applicant"

**ORDER:** Proof by declaration under penalty of perjury having been made to me on this date by the Applicant. Provider is ordered and authorized to do the following:

1) You are ordered to suspend the foreclosure proceedings in connection with JP Morgan Chase Bank, (Formally Washington Mutual Bank) loan # 9083013411446, for the residential address of 622 Todd Road, Santa Rosa, CA, 95403. This order is a (sixty day) suspension which will allow the Sonoma County Sheriff's Department time to continue an identity theft investigation on this loan.

**SEALING ORDER:** Pending further orders of the court, it is further ordered that this court order and all accompanying documents and records shall not become a public record and shall be sealed and delivered to the custody of the Sonoma County Sheriff's Department Records Division.

Grounds for sealing: ☐ Informant protection (Evid. Code § 1041)    ☐ Official information (Evide. Code § 1040)

____9/23/09____ 2:35 p.m.        _____
Date and time issued                                 Judge of the Superior Court

## Application for Court Order

The matter having come before the Superior Court pursuant to an attached affidavit of probable cause in furtherance of a criminal investigation conducted by **Detective Michael Morarity** of the Sonoma County Sheriff's Department.

**Declaration:** I declare under penalty of perjury that the forgoing affidavit of probable cause is true and correct:

____9-23-09____        _____
Date                                               Applicant