**Entered on Docket**
**September 18, 2012**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROSA GONSALEZ PATLAN,                                      No. 12-11743

                          Debtor(s).
_____/

ROSA GONSALEZ PATLAN,

                          Plaintiff(s),

     v.                                                                         A.P. No. 12-1129

U.S. BANK, N.A.,

                          Defendant(s).
_____/

Memorandum and Order on Motion to Dismiss
_____

       The facts in this adversary proceeding are simple and largely or entirely undisputed. In 1995, Chapter 13 debtor and plaintiff Rosa Gonsalez acquired the real property at 622 Todd Road, Santa Rosa, California, along with Jose Enriquez and Fernando Gonzalez, taking title as joint tenants. Fernando is Rosa's nephew. Rosa alleges that Fernando was placed on title only for estate planning purposes. In 1996, Rosa acquired Jose's interest.

       Beginning in 2005, Fernando began encumbering the property to borrow money from a predecessor in interest to defendant U.S. Bank. He forged Rosa's name on the deeds of trust and other

1

loan documents. He has been convicted of forgery for these acts and sentenced to prison.

This adversary proceeding is a request by Rosa for a declaration of rights. There are three purported claims, but the second "claim," that a constructive trust is an equitable remedy which is not assertable against a bankruptcy estate, is just an incorrect statement of law and the third "claim" is just a request for injunctive relief which is not necessary at this time. There is only one simple allegation in the complaint which is at issue, that "the property is not encumbered to any extent" by the Bank's deeds of trust.

The Bank has moved for dismissal of the complaint. It acknowledges that the complaint contains sufficient allegations, but asks the court to use its discretion to treat its motion as one for summary judgment and consider matters outside the four corners of the complaint. The court's initial reaction was that it should not do so at this early stage in the case, but upon reflection the court agrees that this dispute is not complicated and should be subject to quick summary adjudication.

From the Bank's standpoint, it must concede that unless it can show that Rosa knew what Fernando was doing and ratified his conduct, benefitted from his conduct or is otherwise estopped from denying the validity of the deeds of trust, then the Bank has no claim against Rosa and her two-thirds interest in the property is free and clear of any interest of the Bank. The Bank has to date made no such allegations.

From Rosa's standpoint, there is no basis for her assertion that Fernando's third interest is not validly encumbered. Where a cotenant undertakes to transfer whole title by forging the other tenant's signature, the conveyance is not void and operates to transfer the cotenant's interest. *Handy v. Shiells,* 190 Cal.App.3d 512, 517 (1987). Nothing Rosa has alleged would defeat the Bank's rights as a bona fide encumbrancer for value. Her exclusive possession was not inconsistent with record title and would therefore not defeat the Bank's rights, as each cotenant has the right to possession of the whole. *Cole v. Cole,* 139 Cal.App.2d 691, 695-6 (1956).

For the foregoing reasons, the court will hold a further hearing on October 26, 2012, at 9:00 A.M., unless the parties stipulate to a different date. The parties may submit any further declarations

2

up until October 16, 2012.  If no triable issue of fact is created, the court will enter a judgment declaring that the Bank has no claim against Rosa and its deeds of trust encumber Fernando's third interest but not Rosa's two-thirds.  If a triable issue of fact arises, the court will hold a trial in November, 2012.

SO ORDERED.

Dated: September 18, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge