UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROSA GONSALEZ PATLAN,   No. 12-11743

                Debtor(s).
_____/

ROSA GONSALEZ PATLAN,

                Plaintiff(s),

     v.   A.P. No. 12-1129

U.S. BANK, N.A.,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

       The facts in this adversary proceeding are simple and largely or entirely undisputed. In 1995, Chapter 13 debtor and plaintiff Rosa Gonsalez acquired the real property at 622 Todd Road, Santa Rosa, California, along with Jose Enriquez and Fernando Gonzalez, taking title as joint tenants. Fernando is Rosa's nephew. Rosa alleges that Fernando was placed on title only for estate planning purposes. In 1996, Rosa acquired Jose's interest.

       Beginning in 2005, Fernando began to borrow money using the property as security, forging Rosa's name on the deeds of trust and other loan documents. He has been convicted of forgery for

1

1  these acts and sentenced to prison. The last lender to refinance based on forged documents is the
2  predecessor in interest to defendant U. S. Bank, which is owed over $630,000.00.

3      This adversary proceeding is a request by Rosa for a declaration of rights. There are three
4  purported claims, but the second "claim," that a constructive trust is an equitable remedy which is not
5  assertable against a bankruptcy estate, is just an incorrect statement of law[1] and the third "claim" is just
6  a request for injunctive relief which is not necessary at this time. There is only one simple allegation
7  in the complaint which is at issue, that "the property is not encumbered to any extent" by the Bank's
8  deeds of trust.

9      The Bank originally moved for dismissal of the complaint. The court elected to treat the
10  motion as one for summary judgment, after giving the parties additional time to see if there was a
11  disputed issue of material fact. It appears that there are no such factual issues, and that summary
12  judgment is appropriate.

13      The court previously noted that unless the Bank can show that Rosa knew what Fernando was
14  doing and ratified his conduct, benefitted from his conduct or is otherwise estopped from denying the
15  validity of the deeds of trust, then the Bank has no claim against Rosa and her two-thirds interest in the
16  property is free and clear of any interest of the Bank. The Bank concedes that this statement of the law
17  is correct, but points out that when Fernando refinanced the property in June, 2005, he paid off an
18  abatement lien imposed on the property by the County of Sonoma in the amount of $37,441.20. Rosa
19  benefitted to the extent of two-thirds of this amount, or $24,958.00. Rosa does not dispute this.

20      As the court previously noted, there is no basis for Rosa's assertion that Fernando's third
21  interest is not validly encumbered. Where a cotenant undertakes to transfer whole title by forging the
22  other tenant's signature, the conveyance is not void and operates to transfer the cotenant's interest.

---

[1] An equitable remedy should not be imposed if it is inequitable to innocent parties, and for this reason is often not imposed in a bankruptcy case where the result would merely be to give some creditors an advantage over other innocent creditors. Rosa has made no such showing in this case. In fact, she scheduled no unsecured debts at all.

*Handy v. Shiells,* 190 Cal.App.3d 512, 517 (1987). Nothing Rosa has alleged would defeat the Bank's rights as a bona fide encumbrancer for value, and she has raised no issue of fact precluding summary judgment. Her exclusive possession was not inconsistent with record title and would therefore not defeat the Bank's rights, as each cotenant has the right to possession of the whole. *Cole v. Cole,* 139 Cal.App.2d 691, 695-6 (1956).

For the foregoing reasons, the court will grant the Bank's motion for summary judgment. The judgment shall provide that Rosa take nothing by her complaint and shall declare that she has no right to contest the Bank's claim against Fernando's one-third interest in the property. The judgment shall also declare that the Bank has an equitable lien against Rosa's two-thirds interest in the property in the amount of $24,958.00. The Bank shall also recover its costs of suit.

Counsel for the Bank shall submit an appropriate form of order granting its motion for summary judgment and an appropriate form of judgment.

Dated: January 6, 2013

Alan Jaroslovsky
U.S. Bankruptcy Judge